## UNITED STATES CIRCUIT COURT.

PHELPS, DODGE & Co. agt. BROWN, BROTHERS & Co.

The 12th and 15th sections of the Patent Act of 1836, taken together, were designed to protect the right of the *first inventor*, although he was not the first to adapt his invention to practical use, provided he had filed his *caveat*, and had used reasonable diligence in protecting his discovery.

The purpose of the *caveat* is, to save the discoverer from the effect of the rule of law that gives to the inventor, that first adapts his invention to practical use, the right to the grant of the patent; and in case the commissioner of patents complies with the terms of the 12th section (in giving notice of the filing of another application), it is to secure him against the effect of the rule.

Where the commissioner issues a second patent, the patentee cannot be prejudiced on the trial for the infringement of the patent, by the accidental omission of the commissioner to give him the notice under the 12th section.

*New - York, September,* 1859.
MOTION for a new trial.

Judge BUEL *and* S. BALDWIN, *of Ct., for plaintiffs.*

R. J. INGERSOLL, *of Ct., and* C. M. KELLER, *of N. Y., for defendants.*

NELSON, Ch. J. A patent was granted to the plaintiffs as assignees of Wm. C. Camp, on the 9th of January, 1855, for a machine for the manufacturing of brass kettles. On the 16th of January, 1854, Camp had caused to be deposited in the patent office a caveat, describing his invention, with drawings of his machine.

A patent was also granted to O. W. Minard for the same invention, April 18th, 1856, and caveat with drawings annexed,

accurately describing his machine, had been filed in the patent office on April 17th, 1854. The defendants claim under this patent. The application of Camp for a patent was made in November, 1854, within a year from the time of filing the caveat by Minard; but no notice was given him of the interference of Camp's application by the commissioner of patents. Much evidence was given on the trial on both sides as to which of the parties was the original discoverer of the invention.

The court below, in instructing the jury, charged that if Minard was the first and original discoverer, although he might not at the time of the application of Camp's assignees, for a patent, have given practical shape to his discovery, yet if when said application was made, Minard was in fact the first and original discoverer and was using reasonable diligence in adapting and perfecting his machine or invention, Camp's assignees had unjustly obtained a patent within the meaning of the patent law, and the plaintiffs could not recover.

The 12th section of the Patent Act of 1836 provides for the filing of a caveat in the confidential archives of the patent office, and that if application shall be made by any other person, within a year from the filing of the caveat, for a patent for an invention that shall interfere with the one described in the caveat, it is made the duty of the commissioner to give notice to the person filing the caveat, who shall within three months file his description, specifications, drawings and model; and if in the opinion of the commissioner the specifications and claims interfere with each other, like proceedings shall be had as in the case of interfering applications.

The 15th section provides as a defence to an action for an infringement of a patent, among other things, that the plaintiff "had surreptitiously or unjustly obtained the patent for that which was in fact invented or discovered by another who was using reasonable diligence in adapting and perfecting the same." The ruling of the court below turns on these two provisions of the law:

I. There is some difficulty in maintaining the power of the commissioner to issue the patent to the plaintiffs, within the

Phelps, Dodge & Co. agt. Brown, Brothers & Co.

terms of the 12th section providing for the filing of the caveat, that should be upheld against the right of the party complying with that provision. Instead of issuing the patent, it directs that the commissioner shall file the papers accompanying the subsequent application pending the force of the caveat, and if in his opinion there is an interference, then such proceedings shall be had as in case of interfering applications. These proceedings will be found in the 8th section of the act; but—

. II. We are of opinion that the case falls within the scope and meaning of the defence prescribed in the 15th section referred to. It is true there is nothing in the case as assumed by the court below, implicating the good faith of Camp or of his assignees, and hence the injustice relied on is rather injustice in the abstract than resulting from any intentional wrong of the opposite party. We are inclined, however, to think that the term was used and intended to be used in its broadest sense; and that the two provisions, the 12th and 15th sections taken together, were designed to protect the right of the first inventor, although he was not the first to adapt his invention to practical use, provided he has filed his caveat and has used reasonable diligence in protecting his discovery. The purpose of the caveat is to save the discoverer from the effect of the rule of law that gives to the inventor that first adapts his invention to practical use the right to the grant of the patent; and in case the commissioner complies with the terms of the 12th section it is to secure him against the effect of the rule.

It is not surprising, in the multiplicity of applications before the commissioner, that he should accidentally overlook a caveat filed some time before the application by another party, and, doubtless, this officer issued the second patent in this case with the view that the patentee might have an opportunity of correcting the error. He could not be prejudiced by the accidental omission to give him the notice.

New trial ordered.